# Valli Kane & Vagnini
## Attorneys at Law

600 Old Country Road
Suite 519
Garden City, NY 11530

Tel: 516-203-7180
Fax: 516-706-0248
www.vkvlawyers.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/12

October 24, 2012

**VIA EMAIL: COTENYSDCHAMBERS@NYSD.USCOURTS.GOV**

Honorable Judge Denise Cote
United States District Court
500 Pearl Street
New York, New York 10007

Re:   **Bautista et al. v. Potenza et al.**
       Docket No. 11-CV-4715 (DLC)(RLE)

Dear Honorable Judge Cote,

Our office represents the Defendants in the above referenced matter which relates to wage and hour claims under the Fair Labor Standards Act and New York Labor Law, and in which the parties have reached a settlement to resolve the claims.

Pursuant to Your Honor's October 10, 2012 Order, we submit this letter to address whether the proposed settlement is fair consistent with the issues discussed in Elliott v. Allstate Investigations, Inc., 2008 U.S. Dist. LEXIS 21090 (S.D.N.Y. 2008).

In the facts here, there are fifteen (15) employees who timely filed Consents to Become a Party Plaintiff: Arturo Barragan Bautista, Celso Barragan Bautista, Jose Barragan Bautista, Noe Barragan Bautista, Patricio Calixto, Javier Chavez, Marcos Franco, Jesus Galvez, Carlos Guerrero, Severino Chavez Perez, Isaias Ramales, Ociel Ramales, Carlos Ramirez, Abundio Galvez Reyes, and Gabriel Galvez Reyes. One (1) employee filed a late Consent to Become a Party Plaintiff: Arturo Garcia Velasquez, and according to Plaintiffs' counsel, three (3) other employees intend to file late Consents to Become a Party Plaintiff: Erick Uraga Chazari, Guadencio Saavedra, and Sergio Saavedra. Defendants consent to the inclusion of all nineteen (19) employees for settlement purposes and resolution of their claims.

The parties reached a settlement which resolved the claims of all nineteen (19) employees for a sum of $ 148,000.00 inclusive of costs and fees and less all amounts already paid to the Plaintiffs and opt-in Plaintiffs which shall be deducted from the $ 148,000.00 settlement amount.[1]

---

[1]   The parties agree that the following employees have already been paid their unpaid wages and liquidated damages they claim in this lawsuit: Jose Barragan Bautista, Ociel Ramales, Erick Uraga Chazari, Carlos Guerrero,

Defendants calculated the Plaintiffs' damages based on actual employees' weekly payroll records and weekly schedules of hours per week from July 2007 to August 2011 which were retained by Defendants and exchanged in discovery.

Relative to the overtime claims, Defendants had already paid the Plaintiffs their straight-time wages during their employment for the hours worked and did not willfully fail to pay the additional ½ time for overtime hours worked. Thus, Defendants believe a two year FLSA statute of limitations would be appropriate in determining the extent of damages. However, in the interest of resolving Plaintiffs' claims without further litigation, Defendants calculated unpaid overtime wages for a three year FLSA period.

Based on a calculation of unpaid overtime compensation owed to the nineteen (19) employees for the three year FLSA statute of limitations period from July 2008 to July 2011, Defendants determined that they are owed $ 56,884.00 collectively. Adding an equal amount of liquidated damages pursuant to the FLSA yields a total damage amount of $ 113,768.00.

In addition, four (4) employees also have minimum wage claims: Arturo Barragan Bautista, Celso Barragan Bautista, Carlos Ramirez and Sergio Saavedra. If the entire matter is not resolved, Defendants would contest the minimum wage claims because the four (4) employees were delivery workers who received tipped compensation which when combined with their hourly wage equaled or exceeded the minimum wage as permitted by 29 U.S.C. § 203(m). If Plaintiffs were to succeed 100 % on each minimum wage claim for the FLSA statute of limitations period from July 2008 to July 2011 – which Defendants do not believe they would, Plaintiffs would be owed an additional $ 17,534.00 in unpaid wages. For purposes of settlement calculation only, Defendants are willing to approximate 50 % recovery on the minimum wage claims, or an amount of $ 8,767.00. Adding an equal amount of liquidated damages pursuant to the FLSA yields total minimum wage damages of $ 17,534.00.

As a result, the total unpaid overtime compensation and minimum wages plus liquidated damages for the three year FLSA statute of limitations period equal approximately $ 131,302.00. After taking into account Plaintiffs' counsel fees and costs, Defendants were willing to settle the entire matter for an amount of $ 148,000.00.

Relative to the issues raised in Elliott v. Allstate Investigations, Inc., the facts here demonstrate that collectively the employees are receiving an amount that is equivalent to their claim for unpaid overtime compensation and all liquidated damages for unpaid overtime under the FLSA. The Defendants' calculations are based on extensive and precise documentary evidence of weekly payroll records and schedules maintained by Defendants and which are more reliable than the employees' own recollections of their hours. The employees did not provide any documentary evidence of their own which could refute Defendants' records. The minimum wage claimants are receiving approximately 50 % of their minimum wage claims with full liquidated damages under the FLSA. Again, the Defendants' calculations are based on extensive

---

Severino Chavez Perez, and Gaudencio Saavedra. The parties also agree that Jesus Galvez is not owed and does not have any claim for unpaid wages.

and precise documentary evidence of weekly payroll records and schedules maintained by Defendants and which are more reliable than the employees' own recollections of their hours.

Finally, Defendants also include an additional amount to cover Plaintiffs' counsel's fees and costs.

Consequently, Defendants believe that the proposed settlement is fair and should be approved by the Court.

Very truly yours,

VALLI KANE & VAGNINI, LLP

*[signature]*

S. TITO SINHA
*Attorney for Defendants*

cc:  Jeanne Ellen Mirer, Esq.
Eisner & Mirer, P.C.
*Attorneys for Plaintiffs*
113 University Place
New York, New York 10003
(via email: JEANNE@EISNERMIRER.COM)