USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/12

# EISNER & MIRER, P.C.

ATTORNEYS AT LAW
113 UNIVERSITY PLACE, EIGHTH FLOOR
NEW YORK, NEW YORK 10003-4527



RECEIVED
OCT 24 2012
CHAMBERS OF
DENISE COTE

EUGENE G. EISNER
JEANNE E. MIRER*
NATHANIEL K. CHARNY**

*NY, MA AND MI BAR
**NY AND NJ BAR

TELEPHONE: (212) 473-8700
FACSIMILE: (212) 473-8705

E-MAIL: justice@eisnermirer.com
INTERNET: www.eisnermirer.com

OF COUNSEL
JEFFREY SCHWARTZ

October 24, 2012

VIA Email: **COTENYSDCHAMBERS@NYSD.USCOURTS.GOV**

Hon. Denise L. Cote
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007-1312

Re:  Arturo Barragan Bautista, et al vs.
Jennifer Potenza, et ano
11 Cv 4715

Dear Judge Cote,

      Plaintiffs, Arturo Barragan Bautista, Celso Barragan Bautista, Noe Barragan Bautista and Carlos Ramirez, submit this letter on behalf of themselves and opt-in plaintiffs in the above-captioned matter in response to this Court's Order entered October 10, 2012, directing plaintiffs and defendants to submit letters addressing the issues in *Elliot v. Allstate Investigations Inc.*, No. 07 Civ. 6078 (DLC), 2008 WL 728648 (S.D.N.Y. Mar. 19, 2008). Shortly after the case was filed but before the collective action was certified, all but one of the below listed individuals retained undersigned counsel and some form of consent was filed with the Court.

      The Court certified this action as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, by Order entered April 2, 2012 (Doc. No. 87). By the conclusion of the opt-in period, nineteen kitchen employees and/or delivery workers had opted-in to the collective action. Only one additional plaintiff, Carlos Guerrero, opted-in in response to the mailed notice of collective action. (Doc. Nos. 9-17, 45-48, 67, 68, 73, 75, 89).[1]

---

[1] Plaintiffs Arturo Garcia Velasquez, Erick Uraga Chazari, Guadencio Saavedra, and Sergio Saavedra responded to defendants' requests to admit with signed answers prior to the deadline for opting-in. These signed responses should be deemed adequate consents for purposes of opting since, under *Barrantine v Arkansas-Best Freight System*, 450 U.S. 728 (1981), the Supreme Court recognized that the FLSA does not specify the form that consents must take in FLSA cases and allowed the signed interrogatories of the plaintiff to constitute a valid consent

EISNER & MIRER, P.C.

Hon. Denise L. Cote
United States District Court
Southern District of New York
P a g e | 2

            Re: Arturo Barragan Bautista, et al vs.
               Jennifer Potenza, et ano
               11 Cv 4715

    The parties engaged in discovery and defendants produced wage and time records for inspection by plaintiffs' counsel. Upon thorough review of the documents produced by defendants, plaintiffs' counsel determined that eighteen of the nineteen plaintiffs had valid claims for unpaid or underpaid minimum wage and/or overtime. Those plaintiffs included Arturo Barragan Bautista, Celso Barragan Bautista, Noe Barragan Bautista, Carlos Ramirez, Abundio Galvez Reyes, Isaias Ramales, Ociel Ramales, Severino Chavez Perez, Gabriel Galvez Reyes, Marcos Franco, Patricio Calixto, Jose Barragan Bautista, Javier Chavez, Carlos Guerrero, Erick Uraga Chazari, Gaudencio Saavedra, Sergio Saavedra and Arturo Garcia Velasquez.

    Plaintiffs' initial estimate of withheld wages was inclusive of unpaid or underpaid minimum wages and overtime and was not based on documentary evidence. Rather, plaintiffs' initial calculations were based on plaintiffs' recollections of their schedules and compensation during the statutory period. Plaintiffs initially estimated that the total withheld wages owing to them totaled approximately $76,500.

    Defendants' records of weekly compensation and hours of work closely corroborated plaintiffs' initial estimated amount of unpaid wages. Records produced by defendants showed that plaintiffs were owed $56,884 in unpaid overtime collectively for the period of July, 2008 through July, 2011.

    Plaintiffs Arturo Barragan Bautista, Celso Barragan Bautista, Carlos Ramirez and Sergio Saavedra also alleged that defendants failed to pay them minimum wage. Defendants dispute this allegation, claiming that these four plaintiffs were tipped employees who received wages in excess of minimum wage when taking their tips into consideration. Based on defendants' own payroll records, these claims, if successful, would entitle these four plaintiffs to an additional $17,534.00 in unpaid minimum wages.

    Upon review of defendants' records, it was determined that opt-in plaintiff Jesus Galvez was not owed any overtime compensation or unpaid wages and that opt-in plaintiff Carlos Guerrero was owed an amount which was equal to the amount defendant paid to him upon commencement of this action, but prior to his opting-in to the collective action. All other members of the collective class were informed of these findings in writing and were given the opportunity to object. No objections were received.

    Based on initial calculations, plaintiffs estimated that they were entitled to $153,000 for the three year period covered by the FLSA, including an award of 100% liquidated damages for that period. Defendants' calculation of same, based on payroll records and schedules, equals $137,000. Upon review of documents produced in discovery, the parties re- commenced settlement discussions with the assistance

EISNER & MIRER, P.C.

Hon. Denise L. Cote
United States District Court
Southern District of New York
P a g e | 3

                        Re:    Arturo Barragan Bautista, et al vs.
                                Jennifer Potenza, et ano
                                11 Cv 4715

of Magistrate Judge Ronald Ellis. The parties ultimately arrived at a settlement figure of $148,000. The settlement reached is a fair and equitable resolution of a bona fide dispute between the plaintiffs and their employer, defendant Panda Jive LLC. The settlement figure reached is equal to the total amount of withheld minimum wages and overtime, as reflected by defendants' records, for the three-year statutory period under the FLSA, along with an additional amount equal to 100% of that figure for liquidated damages for that period. The additional $11,000 will be paid towards attorneys' fees and costs. Defendants do not agree that plaintiffs' are owed 100% of minimum wages and liquidated damages, but rather, only 50% of withheld minimum wages with liquidated damages. For purposes of settlement, plaintiffs concede this point since there is no difference in the overall settlement amount, despite arriving at the number from different directions, and from either direction the settlement is fair and complies with the strictures stated in Elliot, supra.

      Defendants have not alleged, nor do the facts of this case in any way indicate, that plaintiffs utilized the class action as a means of "unfair personal aggrandizement." Elliot, *supra*, 2. During the course of discovery, the allegations made by the named plaintiffs were ultimately determined by the parties to be common to those plaintiffs who chose to opt-in to the collective action.

      Dismissal of the action will not prejudice the claims of those members of the putative collective action who did not opt-in as they are still free to bring their claims against defendants. Furthermore, plaintiffs' counsel is not aware of any publicity of the case that might cause any potential plaintiffs to be dissuaded from bringing such claims. While an opt-in notice was issued, defendants only had records of complete addresses for a small number of potential opt-in plaintiffs. It is therefore unlikely that the majority of potential plaintiffs who have not opted-in to the collective action are aware of this action and therefore cannot have been dissuaded by its existence.

      For the reasons stated herein, plaintiffs submit that the proposed settlement is a fair and equitable resolution of a bona fide dispute between plaintiffs and their employer. Should this Court grant its approval of these terms, the parties will submit final settlement papers forthwith.

                                                 Respectfully submitted,

                                                 Jeanne E. Mirer

JEM:ec
cc:    Tito Sinha, Esq.